UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| LEMONT SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:15-CV-0369 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Lemont Smith, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2254 challenging a prison disciplinary proceeding (STP 15-07-0018) held on July 7, 2015,

where he was found guilty of attempted trafficking in violation of A 111/113 and sanctioned with

the loss of 180 days earned credit time and a demotion in credit class by a hearing officer at the

Heritage Trail Correctional Facility. (DE 1.) In his habeas petition, he alleges he was denied an

impartial decision maker and that the reporting officer lied on the conduct report. (Id. at 2.)

First, Smith claims that the hearing officer was not impartial. "Adjudicators are entitled to

a presumption of honesty and integrity, and thus the constitutional standard for impermissible bias

is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003) (citations omitted). Due process is

satisfied so long as no member of the disciplinary board was been involved in the investigation or

prosecution of the particular case, or has had any other form of personal involvement in the case.

*Id.* at 667. In his petition, Smith claims that the hearing officer was biased because she reviewed the

conduct report prior to screening and altered the conduct code number on the report. (DE 1 at 2.)

However, neither of these actions show that the hearing officer was substantially involved in the

underlying incident. There are no allegations that the hearing officer personally witnessed the

underlying events or was involved in the investigation or prosecution of the case. As a result, this claim cannot provide habeas relief.

In his traverse, Smith argues that the prison's rules forbade the hearing officer from changing the conduct code on the report. (DE 13.) However, even if internal rules or policies were violated, this would not entitle Smith to federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (habeas relief is only available for a violation of the U.S. Constitution or other federal laws); *Hester v. McBride*, 966 F. Supp. 765, 775 (N.D. Ind. 1997) (violation of prison policy in disciplinary proceeding could not support grant of habeas relief, since federal habeas court "does not sit to correct any errors of state law"). As previously explained, there is no constitutional deficiency in the hearing officer changing the conduct code on the report.

Next, Smith alleges that the Officer Roberson lied on the conduct report. On June 30, 2015, Correctional Officer Roberson wrote a conduct report, which states:

> On 6/30/15 at 5:45 pm while I Officer Roberson was walking on the walk to the Duty office leaving the chow hall, Offender Smith, Lemont doc #138388 approached me and asked me to do him a favor and I stated to him that I don't do favors for people. He then went on to ask me to call him brother and to bring a package in to him. I walked off and stated to him he would be written up and he stated he didn't give a fuck. End of report.

(DE 10-1.)

Smith claims that he never cursed at Officer Roberson, as reported. (DE 1 at 2.) However, "[i]n reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis. *Superintendent v. Hill*, 472 U.S. 445, 457 (1985) (quotations marks and citation omitted). Thus, it is not for this court to determine whether Smith's or Officer Roberson's version of events is correct.

Nevertheless, even if Smith never cursed at Officer Roberson, this error in the conduct report would still not provide a basis for habeas relief. Tellingly, Smith does not allege he was prejudiced by this supposed lie. It is undisputed that he asked Officer Roberson to do him a favor, even though Smith claims he was only "playing around". (DE 1 at 7.) Whether or not Smith cursed at Officer Roberson is immaterial to the charge of attempted trafficking. Because whether or not Smith cursed at Officer Roberson is immaterial to the charge, there can not be any resulting prejudice from its inclusion in the conduct report. *Piggie*, 342 F.3d at 666. Without a showing of prejudice, Smith cannot demonstrate a due process violation. *Id.*

For these reasons, the petition (DE 1) is **DENIED**.

ENTERED: September 16, 2016

 s/William C. Lee
William C. Lee, Judge
United States District Court

3